UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:18-CR-00054-DCLC-CRW |
| v. | ) ) | |
| BRYAN JAMES ROBERTSON, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 802]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 805].

**I.   BACKGROUND**

On August 15, 2019, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine [*See* Docs. 284, 301]. Based on a total offense level of 35 and a criminal history category of I, Defendant's guideline range was 168 to 210 months [Doc. 697, pg. 1]. The Court sentenced Defendant to a below-guideline sentence of 156 months [Doc. 696, pg. 2]. Defendant is currently housed at FCI Coleman Low, and his projected release date is August 2, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 31, 2024). He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 802].

**II.   ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United*

1

*States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant is not a zero-point offender because at the time of sentencing, he received one criminal history point for a vandalism conviction out of Carter County [Doc. 422, ¶ 51], and no status points. Accordingly, he is ineligible for a sentence reduction under Amendment 821.

Defendant also requests a sentence reduction based on Guideline Amendment 782 [Doc. 802, pg. 2]. Amendment 782 became effective on November 1, 2014. *See United States v. Norman*, No. 3:12-CR-065, 2015 WL 2092708, at *1 (E.D. Tenn. May 6, 2015). Thus, it was already in effect on Defendant's November 24, 2020 sentencing date [*See* Doc. 692]. Defendant has already received the benefit of Amendment 782, so that Amendment does not entitle him to a reduction.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 802] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge